UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT JONES, as Executor de son Tort for the Pending Estate of KARL SEELANDT, Deceased, and as Executor de son Tort for the Pending Estate of MARY LOU SEELANDT, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.<br><br>Defendant. | Civil No.<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

**COMES NOW** the Plaintiff, ROBERT JONES, as Executor de son Tort for the Pending Estates of KARL SEELANDT and MARY LOU SEELANDT, Deceased, to sue the Defendant, TESLA, INC., for the causes of action stated herein. In support thereof, Plaintiff states:

## SUMMARY OF THE ACTION

1. This action arises out of the suffering and death caused to Karl Seelandt and Mary Lou Seelandt (collectively "Seelandt family") when their defective and unreasonably dangerous 2015 Tesla Model S, VIN 5YJSA1E22FF101315 ("Subject

1

Vehicle"), malfunctioned during reasonable and foreseeable use, causing the Seelandt family's deaths.

2.  Plaintiff sues TESLA, INC. for its role in designing, manufacturing, engineering, distributing, and supplying the Subject Vehicle in its defective condition and for otherwise causing the incident and the Seelandt family's horrific injuries, suffering, and death.

## THE PARTIES, JURISDICTION & VENUE

3.  At the time of his death, Karl Seelandt was a California resident and domiciliary who lived with his wife in Santa Barbara County, California.

4.  At the time of her death, Mary Lou Seelandt was a California resident and domiciliary who lived with her husband in Santa Barbara County, California.

5.  All potential beneficiaries of a recovery for wrongful death and their relationship to the deceased are identified as follows:

    a) The Estate of Karl Seelandt and Mary Lou Seelandt c/o the Personal Representative;
    b) Michael Seelandt, surviving child of Karl Seelandt and Mary Lou Seelandt;
    c) Richard Seelandt, surviving child of Karl Seelandt and Mary Lou Seelandt.

6.  At all times material hereto, Defendant, TESLA, INC. ("Tesla"), is a Delaware corporation with its principal place of business located in Austin, Texas.

7. Tesla may be served with process through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324.

8. Jurisdiction is based on diversity of citizenship pursuant to U.S.C. § 1332, as this an action for damages that exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees, and therefore within the jurisdictional requirements of this Honorable Court.

9. Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this Complaint occurred in Gainesville, Florida.

10. At all times relevant herein, Tesla was regularly doing business within the State of Florida and sold products within the State of Florida that it marketed, inspected, serviced, and sold.

11. Tesla regularly solicits business or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered to persons in and from the State of Florida.

12. Tesla expects and should reasonably expect its acts to have consequences in Florida and derives substantial revenue from commerce with citizens and residents of the State of Florida as well as from interstate commerce.

13. Tesla regularly transacts business with citizens and residents of the State of Florida and contracts to supply its goods and services to the State of Florida.

## FACTS

14. Tesla is engaged in the business of and derives substantial profit from designing, engineering, manufacturing, assembling, producing, servicing, marketing, advertising, promoting, distributing, and selling electric motor vehicles and the components and systems used to manufacture and assemble electric motor vehicles.

15. Tesla designed, engineered, manufactured, assembled, produced, distributed, and sold the Subject Vehicle and its components and systems.

16. Tesla sold, distributed, and delivered the Subject Vehicle in finished condition directly to the Seelandt family with the purpose and expectation that the Seelandt family would use the Subject Vehicle.

17. As sold to the Seelandt family, the Subject Vehicle was equipped with several crash avoidance and crash mitigation features and technologies that are designed to prevent collisions and assist drivers in operating their Tesla vehicles.

18. The crash avoidance and crash mitigation features and technologies include automatic emergency braking, front collision warning, side collision warning, obstacle aware acceleration, blind spot monitoring, lane departure

avoidance, emergency lane departure avoidance, and myriad radar, sonar, cameras, and sensors that are designed to detect and prevent collisions with other vehicles.

19. On July 6, 2022, the Seelandt family was driving the Subject Vehicle on Interstate-75 in Alachua County, Florida.

20. While the Seelandt family was operating the Subject Vehicle as intended and designed, the Subject Vehicle malfunctioned and crashed into the back of a parked semi-truck. Pictured below:



21. The Seelandt family suffered devastating blunt force injuries in the collision and ultimately perished.

22. The Subject Vehicle was defective in its design, manufacture, and warning.

23. The Subject Vehicle's defective condition actually and proximately caused the Seelandt family's injuries and death.

## COUNT I— STRICT LIABILITY

24. Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if fully stated verbatim herein.

25. Tesla is in the business of designing, engineering, manufacturing, assembling, producing, distributing, and selling vehicles, including the Subject Vehicle.

26. Tesla expected the Subject Vehicle to encounter consumers, including the Seelandt family, without substantial change in the condition in which the Subject Vehicle was tested, inspected, marketed, distributed, sold, and supplied by Tesla.

27. The Subject Vehicle was distributed, sold, and/or supplied by Tesla in a defective and unreasonably dangerous condition.

28. The Subject Vehicle was in a defective and unreasonably dangerous condition at the time of the incident by reason of defects in its design, manufacture, and warnings.

29. The Subject Vehicle's defective condition rendered it unreasonably dangerous for its intended and foreseeable uses.

30. The Subject Vehicle's defective and unreasonably dangerous condition existed at the time the Subject Vehicle left Tesla's final possession, custody, and control, and the Subject Vehicle remained substantially unchanged in this condition when the Subject Vehicle was sold to the Seelandt family.

31. At all times material hereto, the Subject Vehicle was used in a reasonable and foreseeable manner.

32. The Subject Vehicle's defective condition actually and proximately caused injury and damage to Plaintiff and the Seelandt family.

33. By reason of the foregoing, Tesla is strictly liable to Plaintiff for compensatory damages resulting therefrom, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## **COUNT II—NEGLIGENCE**

34. Plaintiff adopts and re-alleges all paragraphs above and incorporates them as if fully stated verbatim herein.

35. Tesla is in the business of designing, engineering, manufacturing, assembling, producing, distributing, and selling vehicles, including the Subject Vehicle.

36. Tesla owed a duty to properly design, manufacture, assemble, produce, distribute, and sell the Subject Vehicle such that it was in a safe condition and without defect.

37. Tesla owed a duty to adequately test, inspect, and assure the quality of the subject Vehicle before placing it into the stream of commerce.

38. Tesla owed a duty to provide adequate warnings, instructions, and information with the subject go-kart before placing it into the stream of commerce.

39. Tesla breached the above duties.

40. Tesla's breach of the above duties actually and proximately caused injury and damage to Plaintiff and the Seelandt family.

41. By reason of the foregoing, Tesla is liable to Plaintiff for compensatory damages resulting therefrom, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## COUNT III—BREACH OF IMPLIED WARRANTY

42. Plaintiff adopts and re-alleges paragraphs 1-23 above and incorporates them as if fully stated verbatim herein.

43. Tesla is in the business of designing, engineering, manufacturing, assembling, producing, distributing, and selling vehicles, including the Subject Vehicle.

44. There is privity between the Seelandt family and Tesla.

45. Tesla owed a duty to provide adequate warnings, instructions, and information with the Subject Vehicle before distributing the Subject Vehicle to the Seelandt family.

46. Tesla warranted and represented safe operations and performance of the Subject Vehicle to the Seelandt family. Such warranties and representations included specific representations that the Subject Vehicle was fit for the purposes it was intended to be used.

47. Tesla's lack of inspection, testing, or quality control in connection with the Subject Vehicle's performance, coupled with its representations and warranties about safe performance, rendered the Subject Vehicle unreasonably dangerous and unfit for ordinary purposes intended and expected by ordinary customers, including the Seelandt family.

48. The Subject Vehicle failed to perform safely as warranted and represented by Tesla.

49. The Subject Vehicle failed to conform to representations of fact made by Tesla, orally or in writing, in connection with the transaction on which the Seelandt family relied.

50. The Subject Vehicle was defective and not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Seelandt family.

51. The Subject Vehicle was defective and not reasonably fit for the specific purpose for which Tesla knowingly sold the product and for which, in reliance on the judgment of Tesla, the Seelandt family transacted with Tesla to purchase the Subject Vehicle.

52. For the reasons set above, the Subject Vehicle was defective and unreasonably dangerous to foreseeable users and/or bystanders, including the Seelandt family, who came into contact with the Subject Vehicle in an ordinary and foreseeable manner.

53. At all times material hereto, the Subject Vehicle was used in a reasonable and foreseeable manner.

54. The defects above directly and proximately caused the subject incident and injuries to Plaintiff and the Seelandt family.

55. By reason of the foregoing, Tesla is liable to Plaintiff for compensatory damages resulting therefrom, together with interest, costs of suit, attorneys' fees and all such other relief as the Court deems proper.

## COUNT IV—LOSS OF CONSORTIUM

56. Plaintiff adopts and re-alleges paragraphs 1-41 above and incorporates them as if fully stated verbatim herein.

57. As a result of the tortious, negligent, and reckless behavior by Tesla, described herein. Plaintiff's close familial relations – including sons Michael and Richard – have suffered devastating injuries. This has caused Plaintiff mental anguish and a loss of companionship, pecuniary interests, solace, comfort, fellowship, society, and assistance in their close familial relations.

58. Tesla's conduct was willful, wanton, and in reckless disregard for the rights of others, including Plaintiff, and punitive damages are thus warranted.

59. By reason of the foregoing, Tesla is liable to Plaintiff for compensatory and punitive damages, in amounts to be proved at trial, together with interest, and all such other relief as the Court deems proper.

## REQUEST FOR RELIEF

60. **WHEREFORE**, Plaintiff, ROBERT JONES, as the Executor de son Tort for the Pending Estates of KARL SEELANDT and MARY LOU SEELANDT, Deceased, respectfully requests that the Court enter judgment in their favor and against Tesla as follows:

   a. For an award of damages, including nominal and compensatory damages, including past and future pain and suffering, past and future treatment costs, and other amounts as allowed by law and in an amount to be determined;

   b. For an award of punitive damages as allowed by law and in an amount to be determined;

   c. For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

   d. For prejudgment interest on all amounts awarded; and

   e. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The undersigned hereby demands a trial by jury on all issues so triable.

Dated: March 21, 2023

Respectfully submitted,

MORGAN & MORGAN

*/s/ Harris I. Yegelwel*
**HARRIS I. YEGELWEL, ESQ.**
Florida Bar No.: 124285
**Morgan & Morgan, P.A.**
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Email: hyegelwel@forthepeople.com
Secondary Email:
afriedman@forthepeople.com
*Counsel for Plaintiff*