UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| ROBERT JONES, as Executor de son Tort for the Pending Estate of KARL SEELANDT, Deceased, and as Executor de son Tort for the Pending Estate of MARY LOU SEELANDT, Deceased,<br><br>          Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>          Defendant. | Case No.: 1:23-cv-00061-MW-HTC |

## DEFENDANT TESLA, INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant Tesla, Inc. (hereinafter, "Tesla"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, hereby moves (1) to dismiss Count IV of Plaintiff's Complaint for Loss of Consortium as an improper claim in this wrongful death action; (2) to dismiss Plaintiff's Complaint as an improper shotgun pleading or order a more definite statement; (3) to strike Plaintiff's demand for attorneys' fees; and (4) to strike Plaintiff's demand for punitive damages.

1

## INTRODUCTION

Plaintiff Robert Jones, as Executor de son Tort for the Pending Estates of Karl Seelandt and Mary Lou Seelandt, Deceased ("Plaintiff") has brought this wrongful death action against Tesla arising out of alleged defects with a 2015 Tesla Model S that allegedly caused a motor vehicle crash. (Doc. 1, at ¶¶ 1, 20). Plaintiff has brought causes of action for strict liability, negligence, breach of implied warranty, and loss of consortium. (Doc. 1).

## MEMORANDUM OF LAW

**I. PLAINTIFF'S LOSS OF CONSORTIUM CLAIM MUST BE DISMISSED AS IMPROPER IN THIS WRONGFUL DEATH ACTION**

In Florida, the personal representative of a decedent may bring a wrongful death claim on behalf of the decedent's survivors. *Boozer v. Towne Air Freight LLC*, 1:08-CV-00146-MP-AK, 2008 WL 11338672, at *4 (N.D. Fla. Nov. 17, 2008) (citing Fla. Stat. § 768.16 et seq.). The claim may include a prayer for damages including medical expenses, loss of companionship (for surviving spouses and minor children, or if no surviving spouse then for all children), mental anguish, economic support, and funeral expenses. Fla. Stat. § 768.21.

Florida courts have held in numerous cases that loss of consortium is a remedy available under the Wrongful Death statute, rather than a separate tort. *Boozer*, 2008 WL 11338672, at *4. *In AC & S, Inc. v. Redd*, the Florida Third District Court of Appeal decided whether a wife could claim loss of consortium after her husband

2

(who had alleged a personal injury claim) died. 703 So. 2d 492, 493 (Fla. 3d DCA 1997). According to Florida law, the husband's personal injury claim abated upon his death. *Id.* The court found that the wife's loss of consortium claim also abated at the husband's death and thus dismissed the loss of consortium claim. *Id.* at 493, 494. The court reasoned that because the husband died, the only action available to his wife was a claim for wrongful death. *Id.* at 494.

Likewise, in *Fuller v. Hahn*, the First District Court of Appeal stated that "damages by reason of loss of services, society, affection, consortium and funeral expenses incurred as a result of the death of a spouse are recoverable only in an action for wrongful death ...." 313 So. 2d 419, 421 (Fla. 1st DCA 1975). Loss of consortium is a right of action provided only by statute—no loss of consortium claim based on common law exists in Florida. *Id.* Because the Florida Wrongful Death Act (§ 768.21—Damages) specifically provides for loss of companionship claims by statute, claims based on Florida common law for loss of consortium cannot survive the death of the decedent. Under differing facts, other Florida courts have similarly concluded that a loss of consortium claim cannot be maintained apart from a wrongful death claim. *See, e.g., McQueen v. Jersani*, 909 So. 2d 491 (Fla. 5th DCA 2005) (holding that in a wrongful death claim, the jury may hear expert testimony on the issue of the decedent's life expectancy when assessing damages for loss of consortium).

Here, Plaintiff brings this lawsuit "as the Executor de son Tort for the Pending Estates of Karl Seelandt and Mary Lou Seelandt, Deceased." (Doc. 1, at ¶ 60). Plaintiff identifies only the estates of the decedents and two surviving children as potential beneficiaries for recovery in this wrongful death action. *Id.* at ¶ 5; *see also* Fla. Stat. § 768.21. Plaintiff, as the purported Personal Representative for the decedents, may only recover for the benefit of the decedents' survivors and estates all damages as specified in Florida's Wrongful Death Act. Fla. Stat. § 768.20.

Thus, Plaintiff's Request for Relief, and/or the damages sought in each of Plaintiff's other counts, should simply request damages as allowed under Florida's Wrongful Death Act rather than bringing a separate loss of consortium claim. *Boozer*, 2008 WL 11338672, at *4. Plaintiff cannot make a common law claim for loss of consortium; his only colorable claim for loss of companionship is for damages under the Wrongful Death Act. *Id.* (citing Fla. Stat. § 768.21). The Court should dismiss Count IV accordingly. *See also Dugas v. 3M Co.*, 3:14-CV-1096-J-39JBT, 2016 WL 2744822, at *1 (M.D. Fla. May 10, 2016).

## II. PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING AND SHOULD BE DISMISSED

"A defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d

1117, 1126-27 (11th Cir. 2014). The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separate[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322-23 (11th Cir. 2015); *see also McDonough v. City of Homestead*, 771 Fed. Appx. 952, 955 (11th Cir. 2019). "The unifying characteristic of all types of shotgun pleadings is that they fail to … give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Marcus Allen, M.D. v. First Unum Life Ins. Co., et al.*, 2018 WL 3757523, *3 (M.D. Fla. 2018). "The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because 'issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer

justice.'" *Kendall v. Boston Sci. Corp.*, 617CV1888ORL37GJK, 2017 WL 6042020, at *1 (M.D. Fla. Dec. 6, 2017) (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996)); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000) ("We have frequently railed about the evils of shotgun pleadings and urged district courts to take a firm hand...."). Heeding this warning, when confronted with a shotgun complaint, district courts must require the party to replead. *See Paylor*, 748 F.3d at 1127–28 (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta, Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation).

Here, Plaintiff's Complaint is the "most common type" of shotgun pleading, as it "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. *See also id.* at n. 11 (listing cases). Specifically, Counts I and II "adopt[] and re-allege[] all paragraphs above and incorporate[] them as if fully stated verbatim herein." (Doc. 1, at ¶¶ 24, 34). Thus, Count I is incorporated into Count II. Count III then incorporates only paragraphs 1-23 (which consist of purported factual and jurisdictional allegations) (*see id.* at ¶ 42), but Count IV incorporates "paragraphs 1-41", which includes Counts I and II. *Id.* at ¶ 56.

Accordingly, the Complaint must be dismissed as an improper shotgun pleading. Alternatively, Plaintiff should be required to amend its Complaint and allege a more definite statement.

### III.   PLAINTIFF'S DEMAND FOR ATTORNEYS' FEES IS IMPROPER AND SHOULD BE STRUCK

Plaintiff demands "an award of attorneys' fees, costs, and litigation expenses, as allowed by law" in his "Request for Relief." (Doc. 1, at ¶ 60(c)). Because there is no specific contractual or statutory authorization for such a demand, it should be struck. Under settled Florida law, a prevailing party is not entitled to attorneys' fees unless such an award is provided by statute or by agreement between the parties. *Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1198 (Fla. 2009); *Price v. Taylor*, 890 So. 2d 246, 250 (Fla. 2004).

Plaintiff has not cited to any statute or contract that would entitle Plaintiff to recover attorneys' fees against Tesla. Absent specific contractual or statutory authorization, a trial court should strike a claim for attorneys' fees. *City of Winter Garden v. State ex rel. Wood*, 311 So. 2d 396, 396 (Fla. 4th DCA 1975) (holding trial court committed reversible error when it failed to strike from plaintiffs' complaint baseless claim for attorneys' fees); *see also Hale v. Dep't of Revenue*, 973 So. 2d 518, 520 (Fla. 1st DCA 2007) (affirming trial court's order striking from plaintiff's complaint baseless claim for attorneys' fees). Accordingly, Plaintiff's prayer for attorneys' fees must be stricken pursuant to Federal Rule of Civil

Procedure 12.

## IV.  PLAINTIFF'S DEMAND FOR PUNITIVE DAMAGES IS INSUFFICIENT AND SHOULD BE STRUCK

Plaintiff demands punitive damages in seeking relief under his loss of consortium claim. (Doc. 1, at ¶¶ 58-59; 60(b)).[1] If Plaintiff's claim for loss of consortium is not dismissed, his demand for punitive damages under such claim (and in general) must be struck because Plaintiff has failed to meet the substantive pleading requirements stated in Fla. Stat. § 768.72.

Federal courts sitting in diversity are required to apply state substantive law and federal procedural law. *Moss v. Liberty Mut. Fire Ins. Co.*, 3:16-CV-677-J-39JBT, 2017 WL 4676629, at *3 (M.D. Fla. Aug. 18, 2017) (internal citations omitted). Section 768.72, Florida Statutes, requires leave of court in order to bring a claim for punitive damages and a reasonable showing or proffer of evidence that would provide a reasonable basis for an award of such damages.

The procedural requirement of seeking leave of court is not applicable in federal courts to the extent it conflicts with the pleading standards set forth in Rule 8(a)(3), which provides that a complaint must contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed.

---

[1] While Plaintiff specifically references punitive damages in his loss of consortium claim, he also seeks an award of punitive damages generally in his request for relief. Therefore, it is unclear whether Plaintiff's request applies to all counts, or is only limited to the loss of consortium count.

R. Civ. P. 8(a)(3). *See Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1295–99 (11th

Cir.1999), *vacated in part on other grounds*, 204 F.3d 1069, 1072 (11th Cir. 2000)

(Rule 8 "clearly allows the plaintiff to include a request for punitive damages in her

initial complaint, whereas § 768.72 prevents her from doing so." (emphasis

omitted)). *See also Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th

Cir. 2001) (citing *Cohen*, 184 F.3d at 1299).

However, the Eleventh Circuit has determined that "the substantive pleading

standard of Section 768.72 (requiring a 'reasonable showing' that demonstrates 'a

reasonable basis for recovery of such damages') does not conflict with Fed. R. Civ.

P. 8(a)(2) (permitting a 'short and plain statement of the claim') because a prayer for

punitive damages is not a 'claim' within the meaning of that Rule." *Gerlach v.

Cincinnati Ins. Co.*, No. 2:12-cv-322-FtM-29DNF, 2012 WL 5507463, at *2 (M.D.

Fla. Nov. 14, 2012) (citing *Cohen*, 184 F.3d at 1297). "Thus, the substantive

pleading requirements for punitive damages in Fla. Stat. § 768.72 remain intact even

when read in conjunction with Fed. R. Civ. P. 8(a)(2)." *Id.* (citing *Porter*, 241 F.3d

at 1340–41). *See also Johnson v. New Destiny Christian Ctr. Church, Inc.*, 2018 WL

7500082, at *3 (M.D. Fla. Oct. 23, 2018).

Therefore, "[u]nder Florida law, merely setting forth conclusory allegations

in the complaint is insufficient to entitle a claimant to recover punitive damages."

*Porter*, 241 F.3d at 1341. "Instead, a plaintiff must plead specific acts committed by

a defendant." *Id. See also Hogan v. Provident Life & Acc. Ins. Co.*, No. 6:08–cv–1897–ORL–19KRS, 2009 WL 2169850, at *5 (M.D. Fla. July 20, 2009). Conclusory allegations in the complaint are insufficient to entitle a claimant to proceed on a request for punitive damages and to seek net worth discovery relevant to the punitive damages relief sought on a Florida claim. *Porter*, 241 F.3d at 1341 (citing cases); *see also* Fla. Stat. § 768.72(1). Punitive damages are reserved for truly culpable behavior and are intended to "express society's collective outrage." *KIS Group, LLC v. Moquin*, 263 So. 3d 63, 65–66 (Fla. 4th DCA 2019).

Here, Plaintiff seeks punitive damages as relief for his loss of consortium claim. Even taking all of Plaintiff's factual allegations as true, they fall far short of describing the sort of intentional misconduct or gross negligence that could support an award for punitive damages under Fla. Stat. § 768.72. *See Collins v. De Los Santos*, 616CV852ORL31TBS, 2016 WL 4194033, at *2 (M.D. Fla. Aug. 9, 2016).

    (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

    (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

§ 768.72(2), Fla. Stat.

Plaintiff's allegations fail to meet these definitions. Because the allegations

10

are not sufficient to state a claim permitting recovery of punitive damages, Plaintiff's

demand for punitive relief should be stricken.

WHEREFORE, Defendant Tesla, Inc. respectfully requests this Court grant

the relief requested herein and award any such further relief as this Court deems just

and proper.

### LOCAL RULE 7.1(B) CERTIFICATION

Tesla, Inc. hereby certifies that its counsel has conferred with the opposing

party regarding the relief sought and Plaintiff's counsel opposes the entirety of the

relief sought in this motion.

### WORD LIMIT CERTIFICATION

Pursuant to Local Rule 7.1(F), undersigned counsel certifies that this motion

and incorporated memorandum contains 2,562 words, inclusive of all parts.

### CERTIFICATE OF SERVICE – CM/ECF

I hereby certify that on May 10, 2023, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system, which furnished a copy to all

counsel of record.

*/s/ Nicole Walsh*
Robert M. Fulton
Florida Bar No. 0008516
Nicole Walsh
Florida Bar No. 111961
Hill, Ward & Henderson, P.A.
Post Office Box 2231
Tampa, FL  33601

11

12

bob.fulton@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
*Attorneys for Defendant Tesla, Inc.*